UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARIEL SATURNE,

                Plaintiff(s),

      -against-

CERTIFIED LUXURY MOTORS d/b/a CERTIFIED
LUXURY MOTORS OF VALLEY STREAM d/b/a
CERTIFIED LUXURY MOTORS OF GREAT NECK,
JOVIA FINANCIAL CREDIT UNION, and JOHN
DOES 1-10,

                Defendant(s).
------------------------------------------------------------------X

CASE NO.: 2:21-CV-003311

**ANSWER TO COMPLAINT AND JURY DEMAND**

**S I R S :**

Defendant CERTIFIED LUXURY MOTORS d/b/a CERTIFIED LUXURY MOTORS OF VALLEY STREAM d/b/a CERTIFIED LUXURY MOTORS OF GREAT NECK, as sued herein ("CLM" and/or Defendant(s)") respectively, by their attorneys, Law Offices of Bruce W. Minsky, P.C., answers the Plaintiff ARIEL SATURNE's ("Saturne" and/or "Plaintiff") *Complaint* ("Complaint") as follows:

RESPONDING TO THE NATURE OF THE ACTION

1. As to paragraph(s) numbered "1" of the Plaintiff's Complaint, Defendant admits that the Plaintiff's Complaint speaks for itself, but denies that it has violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

RESPONDNG TO THE PARTIES

2. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "2" of the

Plaintiff's Complaint.

3. As to paragraph(s) numbered "3" and "4" of the Plaintiff's Complaint, Defendant denies the allegations therein and refers all questions of law to the Court.

4. As to paragraph(s) numbered "5" of the Plaintiff's Complaint, Defendant admits that is operates at a location commonly known as 444 West Merrick Road, Valley Stream NY, denies the remaining allegations therein and refers all questions of law to the Court.

5. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "6" of the Plaintiff's Complaint.

6. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "7", "8" and "9" of the Plaintiff's Complaint, denies that it has violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

7. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "10", "11" and "12" of the Plaintiff's Complaint, denies that it has violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## RESPONDING TO JURISDICTION AND VENUE

8. As to paragraph(s) numbered "13", "14", "15", "16", "17", "18" and "19" of the Plaintiff's Complaint, Defendant refers all questions of law to the Court.

RESPONDING TO FACTS

9. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "20" of the Plaintiff's Complaint.

10. As to paragraph numbered "21" of the Plaintiff's Complaint, Defendant admits that it is authorized to do business in the State of New York, and, as part of its business operations, engages in the sale of used motor vehicles third-parties as well as offering to identify third-party lenders to purchasers for the financing of such sales, but denies the remaining allegations in such paragraph(s).

11. As to paragraph(s) numbered "22" of the Plaintiff's Complaint, Defendant denies having current knowledge and/or information sufficient to form a belief as to the Plaintiff's alleged acts and/or performance, but denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

12. As to paragraph(s) numbered "23", "24" and "25" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

13. As to paragraph(s) numbered "26" and "27" of the Plaintiff's Complaint, Defendant denies having current knowledge and/or information sufficient to form a belief as to the Plaintiff's alleged acts and/or performance, but denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

14. As to paragraph(s) numbered "28" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

15. As to paragraph(s) numbered "29" of the Plaintiff's Complaint, Defendant denies having current knowledge and/or information sufficient to form a belief as to the Plaintiff's allegations therein and refers all questions of law to the Court.

16. As to paragraph(s) numbered "30" of the Plaintiff's Complaint, Defendant denies having current knowledge and/or information sufficient to form a belief as to the Plaintiff's alleged acts and/or performance, but denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

17. As to paragraph(s) numbered "31", "32" and "33" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

18. As to paragraph(s) numbered "34", "35", "36" and "37" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

19. As to paragraph(s) numbered "38", "39" and "40" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers

all questions of law to the Court.

20. As to paragraph(s) numbered "41", "42", "43" and "44" of the Plaintiff's Complaint, Defendant admits that the controlling *Loan and Security Agreements and Disclosure Statement*, dated June 12, 2020, is correct and speaks for itself, denies the remaining allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

21. As to paragraph(s) numbered "45" of the Plaintiff's Complaint, Defendant admits that the controlling *Loan and Security Agreements and Disclosure Statement*, dated June 12, 2020, identifies both the agreed and accurate down payment and interest, denies the remaining allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

22. As to paragraph(s) numbered "46", "47", "48" and "49" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

23. As to paragraph(s) numbered "50", "51", "52" and "53" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

24. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "54", "55", "56" and

5

"57" of the Plaintiff's Complaint, denies that it has violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

25. As to paragraph(s) numbered "58" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

26. As to paragraph(s) numbered "59", Defendant admits that the controlling *Loan and Security Agreements and Disclosure Statement*, dated June 12, 2020, is correct and speaks for itself, and denies that it has violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

27. As to paragraph(s) numbered "60" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

28. As to paragraph(s) numbered "61", Defendant admits that the controlling *Loan and Security Agreements and Disclosure Statement*, dated June 12, 2020, is correct and speaks for itself, and denies that it has violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

29. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "62" of the Plaintiff's

Complaint as the "contract", Exhibit B to the Complaint, is not fully legible.

30. As to paragraph(s) numbered "63", Defendant admits that the controlling *Loan and Security Agreements and Disclosure Statement*, dated June 12, 2020, is correct and speaks for itself, and denies that it has violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

31. As to paragraph(s) numbered "64" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

32. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "65", "66" and "67" of the Plaintiff's Complaint, denies that it has violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

33. As to paragraph(s) numbered "68", "69" and "70" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

34. Denies having current knowledge and/or information sufficient to form a belief as to the current status of the allegations contained in paragraph(s) numbered "71", "72" and "73" of the Plaintiff's Complaint, admits that the controlling *Loan and Security Agreements and Disclosure Statement*, dated June 12, 2020, is correct and speaks for itself, denies that it has

violated any law, and/or have breached any contract of tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

35. As to paragraph(s) numbered "74" and "75" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## ANSWERING COUNT I

36. As to paragraph(s) numbered "76" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "75" of the Plaintiff's Complaint.

37. As to paragraph(s) numbered "77", "78", "79", "80" and "81" of the Plaintiff's Complaint, Defendant refers all questions of law to the Court, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

38. As to paragraph(s) numbered "82", "83", "84", "85" and "86" of the Plaintiff's Complaint, Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## ANSWERING COUNT II

39. As to paragraph(s) numbered "87" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "86" of the Plaintiff's Complaint.

40. As to paragraph(s) numbered "88", "89", "90", "90" and "91", Defendant denies

the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

41. As to paragraph(s) numbered "92" of the Plaintiff's Complaint, Defendant refers all questions of law to the Court, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

42. As to paragraph(s) numbered "93", "94", "95", "96", "97", "98", "99", "100" and "101", Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

ANSWERING COUNT III

43. As to paragraph(s) numbered "102" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "101" of the Plaintiff's Complaint.

44. As to paragraph(s) numbered "103", "104", "105" and "106", Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

ANSWERING COUNT IV

45. As to paragraph(s) numbered "107" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "106" of the Plaintiff's Complaint.

46. As to paragraph(s) numbered "108" and "109", Defendant denies the allegations

9

therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## ANSWERING COUNT V

47. As to paragraph(s) numbered "110" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "109" of the Plaintiff's Complaint.

48. As to paragraph(s) numbered "111", "112", "113", "114", "115", "116", "117" and "118", Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## ANSWERING COUNT VI

49. As to paragraph(s) numbered "119" of the Plaintiff's Complaint, Defendant repeats and realleges each and every denial and/or admission as set in the responses to paragraphs "1" through "118" of the Plaintiff's Complaint.

50. As to paragraph(s) numbered "120", "121" and "122" of the Plaintiff's Complaint, Defendant refers all questions of law to the Court, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof.

51. As to paragraph(s) numbered "123", "124", "125", "126", "127" and "128", Defendant denies the allegations therein, denies it has violated any law and/or have breached any contract and/or tortious behavior, puts Plaintiff to its strictest burden of proof thereof, and refers all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

52. The Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

53. Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative action's and/or omissions of Plaintiff or others, and does not give rise to any liability of Defendant.

## THIRD AFFIRMATIVE DEFENSE

54. The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

55. Plaintiff has suffered no damage as a result of any acts or omissions of the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

56. The actions of the Defendant, as alleged in the Plaintiff's Complaint, were undertaken in good faith and justified by legitimate business motives, purposes and reason, with the absence of injury to the Plaintiff, and constituted lawful, proper and justified activities. Additionally, any violation of the law, which Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## SIXTH AFFIRMATIVE DEFENSE

57. Defendant hereby gives notice of its intentions to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and

hereby reserves the right to amend its Answer and to assert any such defense by appropriate motion or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

58. Plaintiff has failed to mitigate its damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

59. If any damages have been sustained by the Plaintiff, which Defendant herein denies, such damages were caused by the conduct of others and were not related to Defendant and Defendant are not responsible for any such damages.

## NINTH AFFIRMATIVE DEFENSE

60. If any damages have been sustained by the Plaintiff, which Defendant herein denies, Plaintiff and/or third parties (not the Defendant) are legally responsible or otherwise at fault for the damages alleged in the Complaint. Defendant therefore requests that in the event of a finding of any liability in favor of Plaintiff that an apportionment of fault be made among parties and third-parties other than the Defendant.

## TENTH AFFIRMATIVE DEFENSE

61. Defendant further asserts, pleads and incorporates by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b).

## ELEVENTH AFFIRMATIVE DEFENSE

62. Defendant reserve the right to seek its reasonable attorneys' fees and costs in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

63. Plaintiff's allegations in Plaintiff's Complaint are barred by the doctrines of are

barred by the doctrines of waiver, estoppel, ratification, acquiescence, set-off, recoupment, parole evidence rule.

### THIRTEENTH AFFIRMATIVE DEFENSE

64. Defendant is entitled to reply upon defenses that any party would be entitled to assert in this matter.

### FOURTEENTH AFFIRMATIVE DEFENSE

65. The Complaint fails to sufficiently state any cause for which punitive damages are recoverable.

### FIFTEENTH AFFIRMATIVE DEFENSE

66. Defendant at all times, acted in good faith and without malice to injure.

### SIXTEENTH AFFIRMATIVE DEFENSE

67. Defendant is entitled to reply upon defenses that any party would be entitled to assert in this matter, and plead all applicable defenses available under the law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

68. The Complaint fails to sufficiently state any cause for which punitive damages are recoverable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

69. Plaintiff's Complaint seeks punitive damages. Defendant adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); *Exxon Shipping Co. v. Baker*, 168 S. Ct. 265 (2008).

DEMAND FOR JURY TRIAL

70. Defendant CERTIFIED LUXURY MOTORS d/b/a CERTIFIED LUXURY MOTORS OF VALLEY STREAM d/b/a CERTIFIED LUXURY MOTORS OF GREAT NECK as sued herein hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

**WHEREFORE**, Defendant CERTIFIED LUXURY MOTORS d/b/a CERTIFIED LUXURY MOTORS OF VALLEY STREAM d/b/a CERTIFIED LUXURY MOTORS OF GREAT NECK as sued herein respectfully demands:

(i) judgment dismissing the Plaintiff ARIEL SATURNE's Complaint in its entirety;

(ii) from the Plaintiff ARIEL SATURNE, those costs and disbursements of this action and attorney fees incurred by the Defendant CERTIFIED LUXURY MOTORS d/b/a CERTIFIED LUXURY MOTORS OF VALLEY STREAM d/b/a CERTIFIED LUXURY MOTORS OF GREAT NECK as sued herein in defending this action and pursuing the counterclaim(s); and,

(iii) for such other relief as this may deem just and proper.

///

///

///

Dated: New Hempstead, New York
July 30, 2021

By: __/s/ Bruce W. Minsky_____
Bruce W. Minsky, Esq.
Law Offices of Bruce W. Minsky, P.C.
*Attorneys for the Defendant(s) sued herein as* CERTIFIED LUXURY MOTORS d/b/a CERTIFIED LUXURY MOTORS OF VALLEY STREAM d/b/a CERTIFIED LUXURY MOTORS OF GREAT NECK
112 Brick Church Road
New Hempstead, New York 10977
Phone: (646) 234-7006
Email: *bwminsky@gmail.com*

To: Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, New York 11225

United States District Court, Eastern District of New York *(For Filing Purposes)*

## **CERTIFICATE OF SERVICE**

On July 30, 2021, I caused the foregoing amended Answer to the Plaintiff's Complaint to be filed via ECF upon the following party(ies):

        Bromberg Law Office, P.C.
        352 Rutland Road #1
        Brooklyn, New York 11225

        _____/bwm/_____
            Bruce W. Minsky

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ARIEL SATURNE,

                Plaintiff(s),             CASE NO.: 2:21-CV-003311

      -against-                     **DISCLOSURE PURSUANT TO FRCP 7.1**

CERTIFIED LUXURY MOTORS d/b/a CERTIFIED
LUXURY MOTORS OF VALLEY STREAM d/b/a
CERTIFIED LUXURY MOTORS OF GREAT NECK,
JOVIA FINANCIAL CREDIT UNION, and JOHN
DOES 1-10,

                Defendant(s).
-----------------------------------------------------------------X

        Pursuant to Federal Rules of Civil Procedure 7.1, Defendant(s) CERTIFIED LUXURY MOTORS d/b/a CERTIFIED LUXURY MOTORS OF VALLEY STREAM d/b/a CERTIFIED LUXURY MOTORS OF GREAT NECK, as sued herein ("Defendant(s)"), by and through its attorneys, Law Offices of Bruce W. Minsky, P.C., hereby discloses the following:

        There is no parent corporation or publicly held corporation that owns 10% or more of its stock of the Defendant(s) as sued herein.

Dated: New Hempstead, New York
        July 30, 2021

                               By:  /s/ Bruce W. Minsky
                               Bruce W. Minsky, Esq.
                               Law Offices of Bruce W. Minsky, P.C.
                               *Attorneys for the Defendant(s) sued herein as* CERTIFIED LUXURY MOTORS d/b/a CERTIFIED LUXURY MOTORS OF VALLEY STREAM d/b/a CERTIFIED LUXURY MOTORS OF GREAT NECK
                               112 Brick Church Road
                               New Hempstead, New York 10977
                               Phone: (646) 234-7006
                               Email: *bwminsky@gmail.com*

To:    Bromberg Law Office, P.C.
       352 Rutland Road #1
       Brooklyn, New York 11225

       United States District Court, Eastern District of New York *(For Filing Purposes)*